DRAINAGE DIST. NO. 7 OF POINSETT COUNTY, ARK., et al. v. STERNBERG.

(Circuit Court of Appeals, Eighth Circuit. November 30, 1926.)

No. 7057.

Costs ⬡234—Modification of decree held not to relieve appellant from payment of costs of appeal.

On affirmance of a decree, appellant is not entitled to costs because the amount recovered against him was reduced, where that question did not affect the taking of the appeal, which was to contest any liability.

Appeal from the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Suit in equity by H. J. Sternberg against Drainage District No. 7 of Poinsett County, Ark., and others. Decree for complainant, and defendants appealed. Decree modified (15 F.[2d] 41), and both parties petition for rehearing. Denied.

Charles D. Frierson, of Jonesboro, Ark., for appellants.

Allen Hughes, of Memphis, Tenn., for appellee.

Before STONE, VAN VALKENBURGH, and BOOTH, Circuit Judges.

PER CURIAM. A petition for rehearing has been filed by each party. That of appellee presents no matter of law or of fact which was not carefully considered when the opinion herein was prepared. It is denied.

The petition of appellants presents matters concerning costs in the appeal and interest upon the amount found due appellee. An item contended for by appellants, in their appeal, and allowed by this court, was a credit for $15,118.88, which was contested by appellee. Appellee, since the filing of the opinion of this court remanding that item for further testimony, has formally consented to that allowance. Whether appellee should have borne the costs of the hearing, on that item ordered by this court, is a matter different from that now presented to us, and cannot arise, because his consent to the allowance of such item obviates all necessity for any hearing thereon. The matter of costs of the present appeal must be determined, in the exercise of a sound discretion, upon the present situation. If the above item had been the only or even the major ground for the appeal, that circumstance would be material in placing the costs of this appeal. However, it was not. The main contention, pressed here by appellants, was that appellee should not recover at all. We were and are of the opinion that ap-

pellee is entitled to recovery, though not in so large an amount as decreed by the trial court. In view of these facts, that an appeal would not have been prevented had the above item been conceded by appellee in the trial court, and that this court found appellee entitled to a recovery in excess of such item, we think appellants should pay the costs of this appeal.

As to the interest: Appellants contend that the order of this court results in double allowance of interest. We do not so construe the order. The total recovery allowed here was for $89,391.84. That amount will (under the concession of appellee as to the item of $15,118.88) be reduced to $74,272.96. This judgment would, ordinarily, bear interest at the rate of 6 per centum. However, if it is paid (under the arrangement shown by the record and referred to in the main opinion herein) by certificates of indebtedness of the district bearing interest from the date of that arrangement, the face amount of such certificates necessary to satisfy the above judgment (exclusive of costs) would be the above amount of $74,272.96.

In the state of the case when the former opinion was written, we thought it necessary to remand the case for one purpose and one only—to take further testimony as to the item of $15,118.88. Since that opinion and the order thereon have gone forth, that item has become fixed by the consent of appellee. Therefore there is no need for any hearing thereon. Taking the situation as it now exists, we think the former order should be set aside and a new order entered, to the effect that the decree of the trial court should be modified to a recovery of $74,272.96, and, as so modified, affirmed, costs of this appeal to be assessed against appellants.

It is due counsel appearing for appellants in this appeal to say that he was not the counsel who tried the case below.